IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONALD P. HOUSE,

                             Plaintiff,                         OPINION and ORDER

v.

                                                                    19-cv-1061-jdp

MS. P. DEROUIN and MS. S. PLASCH,

                            Defendants.

---

Plaintiff Donald P. House, appearing pro se, is a former inmate at the Wisconsin Department of Corrections' Chippewa Valley Correctional Treatment Facility. I granted House leave to proceed on claims that facility staff violated his First Amendment right to practice his religion by blocking him from participating in any religious activities for a period of time while he was completing a "behavior contract." Defendants have filed a motion for summary judgment contending that House failed to exhaust the administrative remedies for his claims. Dkt. 18.

Because House was a prisoner at the time he filed this lawsuit, the Prison Litigation Reform Act required him to exhaust all available administrative remedies before filing a lawsuit in federal court about prison conditions. 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in

Wisconsin Administrative Code Chapter DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Defendants say that House did not file any grievances about being blocked from religious services. They provide a copy of his grievance history report supporting this: the only grievance listed on the report was a complaint that a doctor "wrote untrue complaints about him." Dkt. 20-1. House did not respond to defendants' summary judgment motion, so I accept their evidence as undisputed. I will grant their motion for summary judgment and dismiss this case. But that dismissal will be without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). Because House is no longer a prisoner, the PLRA's exhaustion requirement would not apply to a new lawsuit he brings about these claims. *See* § 1997e(a) (exhaustion requirement applies to actions brought by "prisoner[s] confined in any jail, prison, or other correctional facility."); *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006) ("exhaustion would no longer be a problem if [plaintiff] were to re-file, because that rule applies only to prisoners"); *cf. Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998) (section 1997e(e) limitation on recovery for mental or emotional injury did not apply to plaintiff who filed lawsuit after release).

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment on exhaustion grounds, Dkt. 18, is GRANTED.

2. This case is DISMISSED without prejudice.

3. The clerk of court is directed to enter judgment for defendants and close the case.

Entered October 30, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge