IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONALD P. HOUSE,

                    Plaintiff,                              ORDER

v.

                                                        19-cv-1061-jdp

MS. P. DEROUIN and MS. S. PLASCH,

                    Defendants.

---

      Plaintiff Donald P. House, appearing pro se, is a former inmate at the Wisconsin Department of Corrections' Chippewa Valley Correctional Treatment Facility. House contended that facility staff violated his First Amendment right to practice his religion by blocking him from participating in any religious activities for a period of time while he was completing a "behavior contract." Defendants filed a motion for summary judgment based on House's failure to exhaust the administrative remedies for his claims; I granted the motion after House failed to respond. Dkt. 22. Judgment was entered on October 30, 2020.

      Months after dismissal of the case, House wrote to the court seeking either to reopen the case or to file a late appeal. In a May 4, 2021 order, I denied House's motion for an extension for time to file an appeal and I told him that he remained free to file a formal motion for relief from judgment under Federal Rule of Civil Procedure 60. Dkt. 27. House has responded by submitting a letter saying that he did not receive all of the filings in this case following his transfer from DOC custody to a county jail (House is currently incarcerated at Stanley Correctional Institution). Dkt. 28. He also says that he would like "to pursue this case because [his] 1st Amendment rights were violated regardless of administrative remedies [his]

rights were violated. Also the administrative remedies went as far as the person in whom this case is all about." *Id.*

I will direct the clerk of court to send House a copy of the docket sheet so that he can request copies of any documents he is missing. As for his request to reopen the case, he hasn't given the court reason to do so, so I will deny his motion. This court is required to dismiss a case like House's when the plaintiff fails to exhaust his administrative remedies, 42 U.S.C. § 1997e(a), and House agrees that he did not fully exhaust his remedies. If what House is saying is that defendants interfered with his ability to exhaust his administrative remedies, he should file a Rule 60 motion explaining exactly how he was blocked from completing the grievance process.

ORDER

IT IS ORDERED that plaintiff Donald P. House's motion to reopen the case, Dkt. 28, is DENIED.

Entered June 14, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge